## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CAPITOL INDEMNITY** | : | No. 3:04cv1571 |
| **CORPORATION,** | : | |
|         **Plaintiff** | : | (Judge Munley) |
| | : | |
| **v.** | : | |
| | : | |
| **DONALD PICCOTTI,** | : | |
| **LIGHTHOUSE ON THE LAKE,** | : | |
| **INC., ADAM PICCOTTI,** | : | |
| **STEVEN J. VIECZOREK,** | : | |
| **DANIEL COX, MICHAEL** | : | |
| **LACOE, FRANK LACOE, and** | : | |
| **WALTER WILMONT,** | : | |
|         **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Before the court for disposition is the motion to dismiss or stay filed by Defendant Steven J. Vieczorek. The motion has been fully briefed and is ripe for disposition. The motion will be granted for the following reasons.

**Background**

On July 22, 2000, Defendant Steven J. Vieczorek was a patron at a bar/restaurant called the Lighthouse on the Lake. He claims that Defendant Adam Piccotti and other of the defendants assaulted him and battered him. He avers that these defendants were acting within the scope and authority of their employment/agency/servitude of Defendant Lighthouse as they detained and assaulted him. Defendant Vieczorek further asserts that he sustained personal injuries due to the beating. Defendant Vieczorek, proceeding *pro se*, filed a twenty-four count complaint in the Court of Common Pleas of Wyoming

County, Pennsylvania against Defendants Lighthouse on the Lake, Donald Piccotti, Adam Piccotti, Daniel Cox, Michael LaCoe, Frank LaCoe and Walter Wilmont.  The complaint asserts causes of action for assault and battery, false imprisonment, negligence, defamation of character, and respondeat superior.[1]

Defendant Light House on the Lake and its owners, Defendants Donald and Adam Piccotti, had a policy of insurance with Plaintiff Capitol Indemnity Corporation.  After the initiation of the state court lawsuit, the Piccottis and Lighthouse submitted an insurance claim to Capitol requesting a defense and indemnity.  Compl. ¶ 23.

Capitol then filed the instant declaratory judgment action in this court asserting that it has no duty to indemnify or defend the Piccotti's or Lighthouse under the applicable insurance policy.   Defendant Vieczorek has filed a motion to stay or dismiss this case during the pendency of the state court action, bringing this case to its present posture.

In its five-count declaratory judgment complaint, the plaintiff puts forth five different theories regarding why they are not liable to indemnify or defend the defendants.  These theories are as follows: 1) Count 1: Under an alternative factual scenario presented by the defendants, none of the assaulting defendants were acting within the scope of their employment and therefore, were not insured under the policy; 2) Count 2 - Under the facts alleged in the underlying lawsuit and in the alternative factual scenario, no coverage exists because the injuries fall under the "expected or intended injury" exclusion of the policy; 3) Count 3: Under the facts alleged in the underlying action and under the alternative fact scenario, no coverage exists because there was no "occurrence"; 4) Under the facts alleged in the underlying action and

---

[1] The factual background of this case is derived from the complaint filed in the Wyoming County Court of Common Pleas and attached to the plaintiff's brief as exhibit B.

under the alternative fact scenario, there is no coverage because the "liquor liability" exclusion applies; and 5) Under the facts alleged in the underlying action and in the alternative fact scenario, no coverage exists because claims for punitive damages are excluded under the subject policy.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332.  Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Discussion**

Although the complaint is not explicit on this point, the plaintiff evidently seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, which provides:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).  As a United States District Court, we are provided discretion to decline to exercise jurisdiction over declaratory judgment actions brought pursuant to 28 U.S.C. § 2201.

The United States Supreme Court has explained that "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995).  The Court further explained that "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of

practicality and wise judicial administration." Id. at 288.  Therefore, the jurisdiction under the Declaratory Judgment Act is discretionary and district courts are "under no compulsion to exercise it." State Auto Ins. Co. v. Summy, 234 F.3d 131, 133 (3d Cir. 2000).

Our discretion, however, is not unfettered and when deciding whether to address a declaratory judgment action involving an insurance contract, we must consider the following factors: "1.  A general policy of restraint when the same issues are pending in state court; 2. An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion; [and] 3.  Avoidance of duplicative litigation." Id. at 134.

The first Summy factor weighs in favor of us refusing jurisdiction. The coverage issues that the plaintiff seeks to have us decide are very fact sensitive.  These are the same facts that are at issue in the state court case.  The defendant even presents its own "alternative factual scenario" in its federal court complaint. See Compl. ¶ 25-26.  As the factual issues involved in this case have been pending for some time in state court, this factor weighs in favor of declining jurisdiction.

The second factor also weighs in favor of declining jurisdiction. An inherent conflict of interest is present between the defendant's duty to defend in state court and its attempt to characterize that suit in this court as falling within the scope of a policy exclusion.

The final factor, avoiding duplicative litigation, likewise weighs in favor of declining jurisdiction.  As with the first factor, this federal lawsuit contains many of the same factual issues as the state court case.  By dismissing this action and allowing the state court to proceed on these issues, we will avoid duplicative litigation.

Accordingly, we decline to exercise jurisdiction over the plaintiff's declaratory judgment action.

We will, however, dismiss the case without prejudice to the plaintiff filing another action at the conclusion of the state court proceedings if it so chooses.   An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CAPITOL INDEMNITY CORPORATION,** | : | No. 3:04cv1571 |
| **Plaintiff** | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| **DONALD PICCOTTI,** | : | |
| **LIGHTHOUSE ON THE LAKE,** | : | |
| **INC., ADAM PICCOTTI,** | : | |
| **STEVEN J. VIECZOREK,** | : | |
| **DANIEL COX, MICHAEL** | : | |
| **LACOE, FRANK LACOE, and** | : | |
| **WALTER WILMONT,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**ORDER**

**AND NOW**, to wit, this 18th day of July 2005, Defendant Steven J. Vieczorek's motion to dismiss or stay (Doc. 28) is hereby **GRANTED**. The plaintiff's declaratory judgment action is **DISMISSED** without prejudice to a new action being filed once the Pennsylvania state court case is completed.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**